CYRUS OLNEY AND } *Associate Justices.*
M. P. DEADY, }

J. G. WILSON, *Clerk.*

---

JOAQUIM YOUNG *v.* TERRITORY OF OREGON.

*Petition for a Mandamus.*

The act of Assembly, suspending payment of the claim in question, held valid.

*Pratt & Campbell,* for plaintiff.

*Sheil & Grover,* for defendant.

DEADY, J. Upon the admitted facts in this record, and the law arising thereon, the court have concluded that the writ of mandamus should be denied, and so decide. This decision is placed upon the following grounds, without intending in any manner to conclude any other questions that may have been raised in the course of the argument, that is to say : that whether the act of the Provisional Government

of December, 1844, be a contract supported by a legal consideration, or is an *ex parte* promise, resting upon mere moral considerations, and the continuing good-will and ability of the promissor; in either view it was, from the beginning, without a legal remedy for its violation or suspension, and its obligations in legal contemplation, incapable of being enforced. The act of January, 1855, allowing the suit by the plaintiff in the Supreme Court, gave him the privilege or opportunity to establish his legitimacy, his identity, and the amount claimed. The same thing might have been done under the now and then existing laws, before the auditor of the territory, together with a certificate of the latter of the result, to be laid before the Assembly for further action. At this point of time, the Assembly repealed so much of the act of January, 1855, as directed the auditor to issue his warrant for, and the treasurer to pay, the amount of the judgment, thereby indefinitely suspending the payment of the claim. Whatever may have been the policy or necessity of this legislation is not for this court to inquire. We think and decide, that the Assembly had the power so to legislate, that, by so doing, the plaintiff was only restored to his original situation. The original obligation was in no way impaired, and now, as then, the plaintiff's claim, whether founded upon legal or moral considerations, still exists, dependent upon the will of the Assembly for an appropriation of the public money for its payment, or other action equivalent thereto.

Mandamus denied.